Mohamed BENABDI, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General; Department of Homeland Security, Respondents.

No. 07–5138–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Amy N. Gell, Gell & Gell, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Lindsay B. Glauner, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohamed Benabdi, a native and citizen of Algeria, seeks review of the November 7, 2007 order of the BIA denying his motion to reopen. *In re Mohamed Benabdi*, No. A95 163 533 (B.I.A. Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Such motions are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Nevertheless, "[a]n abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

44

The BIA did not abuse its discretion in ruling that Benabdi's motion to reopen was barred by the numerical and time limitations. The BIA's regulations permit an alien to file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Here, there can be no dispute that Benabdi's August 2007 motion to reopen was both time and number-barred. *See id.* However, there is no numerical or time limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Benabdi's argument, the record does not indicate that the BIA ignored evidence related to his uncle's disappearance or the country conditions evidence for Algeria. The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted). Rather, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006).

In this case, the BIA reasonably concluded that Benabdi failed to make a sufficient showing of changed circumstances in Algeria. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68 (2d Cir. 2002). Benabdi cites documentary evidence he provided; but the IJ's adverse credibility finding was based in part on Benabdi's submission of a fraudulent document. *See Qin Wen Zheng v. Gonzales*,

500 F.3d 143, 147 (2d Cir.2007) (finding that the application of the doctrine *falsus in uno, falsus in omnibus* is appropriate where the agency rejects documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding). Moreover, the country conditions evidence that Benabdi submitted does not demonstrate changed country conditions in Algeria sufficient to excuse the limitations on motions to reopen. That evidence describes an overall abatement in human rights violations since the 1990s. The BIA did not abuse its discretion in denying Benabdi's motion to reopen. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).